■ In the Matter of ANAMI REALTY CORPORATION, Appel-
lant, v PASQUALE CURCIO et al., Constituting the Zoning Board
of Appeals of the Town of Babylon, Respondents.—

The appeal from the intermediate order must be dismissed
because the right of direct appeal therefrom terminated with
the entry of judgment in the action *(see, Matter of Aho,* 39
NY2d 241, 248). The issues raised on appeal from the order
are brought up for review and have been considered on the
appeal from the judgment (CPLR 5501 [a] [1]).

The petitioner is the contract vendee of the premises located
at the southwest corner of Spring Place and Vermont Avenue
in the Town of Babylon. By application dated October 2, 1986,

filed with the Zoning Board of Appeals of the Town of Babylon (hereinafter Board), the petitioner sought area variances to permit it to erect a one-family dwelling with internal garage on the easterly portion of the property. In its application, the petitioner sought permission to (1) diminish the lot area from 10,000 to 7,529 square feet, (2) diminish the front street line from 30 feet to 15 feet, (3) diminish the west side yard line from 12 feet to 10 feet, and (4) erect a two-foot roof overhang.

Following a public hearing, the Board denied the application on January 29, 1987, on the ground that the "Variances Requested are excessive". Thereafter, on July 6, 1987, the petitioner filed a second application seeking to subdivide the premises into two parcels. This application sought permission to (1) subdivide the property, (2) diminish the lot area from 10,000 to 7,529 square feet, (3) diminish the front yard on Vermont Avenue from 30 feet to 15 feet, and (4) for a two-foot overhang chimney encroachment.

Following another public hearing, the Board denied the petitioner's application on September 10, 1987, on the ground that it was without power to review its prior determination unless there was a clear showing of newly discovered evidence.

Pursuant to Babylon Town Code § 213-16.1, "No parcel or part thereof may be the subject of an application for a variance within one (1) year after the Board of Appeals has held a public hearing on an application for a variance, unless such application shall be substantially different from the previous application". Under this unambiguous statutory language, we note that the two applications, although entitled "variance" and "subdivision", respectively, were not substantially different and, under the Babylon Town Code, the Board was not empowered to review its earlier determination made with respect to a substantially similar application. The mere labeling of the second application as one for a subdivision rather than for a variance was insufficient to transform the application into one which was substantially different from the first application. Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.